We'll call the second case. Case number 18-15-62 Interdome Hyad v. Clark Manor Convalescent Center. All right, will the attorneys... Pardon me. Will the attorneys that are going to argue please step up and identify yourselves for the record. Good morning, Your Honor. Stacy A. Young from the plaintiff at the Lent. Could you spell your last name? A-Y-L-L-O-N. Would you pronounce it again? A-Y-O-N. A-Y-O-N. Good morning, Ms. A-Y-O-N. Good morning, Your Honor. This is Robert Dozak. I represent the defendant at the Lee Clark Manor. Dozak is D-A-W-C-Z-A-K. All right, good morning to both of you. Each side will have approximately 15 minutes to present arguments. And Ms. A-Y-O-N, you may save out some time for rebuttal. May I begin, Your Honors? Please. Good morning, Your Honors, and may it please the Court. My name is Daisy A-Y-O-N, and I represent Eteled Zayed as the Independent Administrator of the Estate of Said Mohammed Zayed, the Plaintiff at the Lent in this matter.  You have three minutes for rebuttal. All right. And, Your Honors, before I get into my legal argument, I would like to clarify for the record that Mr. Steve Levin was scheduled to appear before you today. Unfortunately, his wife had a medical emergency last night, and he's unable to be here with us. So although I was thrust into this position… We like to call it getting you prone on the grenade. Very unexpectedly, I do welcome the opportunity to speak with the Court about the ramifications of this case. And I have litigated this case, and I welcome the opportunity to convince the Court why Giles B. Parks was incorrectly decided. And although we have some spectators this morning, my only regret is that I couldn't invite my mother. Is this the first time you've argued? Yes, Your Honors. Oh, well, that's wonderful. So congratulations on that. You may proceed, then. Your Honors, in order to determine when Mr. Zayid's claim should have been brought, we have to answer three questions. The first question is, what statute of limitations applied to Mr. Zayid's claim during his lifetime? The second question that we have to ask is, what time limits govern Mr. Zayid's claim, survival claim, brought by his legal representative? And the third question is, we have to answer, what is the relationship between Section 13211 and Section 13209? Section 13211 tolls the statutes of limitations set forth in Sections 13201 through Section 13210 for all legally disabled individuals. The incident that injured Mr. Zayid in this case would ordinarily trigger the two-year statute of limitations. Does there have to be a finding of disability, or is the mere fact that he had dementia, was in a nursing home, is that sufficient to be able to say he's disabled? That is sufficient, Your Honor. And, in fact, there are several cases, like the Hamid case and the Mirkowitz case, which shows that a formal finding of disability doesn't have to be found. And in this particular case, because it came on a 619 motion, all well-pleaded facts have to be taken into account, and they have to be considered in the light most favorable to the plaintiff. In this case, Mr. Zayid, as you mentioned, he was suffering from dementia and disability. And he was disabled throughout the time, before the time of the incident, and throughout his life until death. So, although Mr. Zayid's accident happened, as I said before, the statute of limitations typically would be two years from the time of the incident, but because he was disabled at the time of his death, no time had run at that particular time. So at the time of his death, his legal representative had two years from the time of his death to file the claim, which he did. Because Mr. Zayid's death removed disability, and by the way, it is uncontested in this case that death removes disability, and that proposition is supported by Riker v. Fortmore Company, which was interpreting Illinois law. It was a federal case. And in that case, the wife brought a claim for her deceased husband, who had become incapacitated after the accident. Ms. Ann, before you go on, can you just clarify for me if your position today is that only the statute governing the disability removal provision, which would give him two years from date of death, is that the only statute that governs? And are we to disregard the, is it 209 or 211, the one that says you have a year from date of death? Are you saying that because of his disability, we don't even look at the second one? No, Your Honor. We actually look at both statutes. And so because he was disabled at the time of death, we have to turn to Section 13209, which says that at the time of death, his legal representative can do one of two things. Either he can look to the time that was left on the statute of limitations that would have applied to the individual, or one year after his disability is removed. And in this case, the defendant, Applee, and everyone in the Giles B. Parks case, they have been focusing on the latter part of the clause, which says, or one year after death. But no one has really paid attention or analyzed the clause before, which specifically says that we need to look at the time remaining in the statute of limitations to determine what statute applied. And in this case, 13211 applied because of disability. So defendants rely on one single way. Wait, so you just said 13211 applied, and that's the only one to look at. So you're asking us to disregard 13209 and just look at 13211. No, Your Honor. I'm suggesting the analysis begins with 13209 because there's a death in the park. And then 13209, you're out of the box, right? We all agree on that one. And then 13209 directs us to 13211. Where does it direct us? If I may read from the statute, Your Honor, it says, if a person entitled to bring a cause of action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his or her representative before the expiration of that time, meaning we look to the statute of limitations that would have been in place, right, or within one year from his or her death, whichever is later. Again, if this had been a plaintiff who was capable, we would look to Section 202, and we would try to determine how much time is remaining on the traumatic injury statute of limitations. But because the person was dead in this case and disabled at the time, then we look to Section 13211, which allows for that tolling provision. In this case, the defendant, I believe, relies on one case to support its argument, and I mean this literally. They cited five cases in their brief, but the only single one case that is substantive in nature is the Giles v. Parks case. This Court should reverse the trial court and should refuse to follow the logic in Giles v. Parks because the Court made two fundamental mistakes. Which court, the Giles court or the trial court, or both? The Giles court, Your Honor. But the trial court was correct in following the logic of Giles because it's a superior court, so they were bound to follow the precedent. But the Giles court made two fundamental mistakes. The first one is that the court, Justice Simon, incorrectly characterized the action being brought on behalf of the decedent as belonging to the legal representative. And the second mistake that the court made was that it ignored the plain meaning of Section 209, which, as I stated previously, directs the court to look to Section 13211 and apply the remaining time in the statute of limitations. So naturally, the question that the justices may have in this particular case is, where specifically did the Giles court go wrong? And the answer is very simple, and it's actually found on the first paragraph, the introductory paragraph of the Giles court decision. In that particular case, Justice Simon commented, in fact, he rebuked the attorneys in that case, but he said that the legal representative was attempting to use the decedent's disability as an excuse for filing his claim late. His claim meaning the legal representative's claim. Justice Simon also, in that case, relied on two cases, on Fess v. Park and Swider v. Holy Cross. The reliance on those cases was inappropriate for two reasons. First, because those cases did not contemplate any survival actions. And second, because in those particular cases, they dealt with the Family Expense Act and derivative actions that would have been brought by competent plaintiffs. So specifically, in the Fess v. Park's case, it involved a minor. And so the court said that the minor was entitled to the tolling provision, but the parents weren't. And the reason the parents weren't entitled to that tolling provision is because they were competent to bring their own claims. This is a completely different scenario. We have, in this particular case, Mr. Zayed's administrator, who was appointed after his death. And Mr. Zayed was- So there was no representative while he was in the nursing home under these multiple disabilities? He did not have a legal representative, no, Your Honor. So you're distinguishing the Fess and the other case on that basis? We're distinguishing the cases on several bases. One, that the Fess case didn't consider survival actions. All right. Two, that the administrator was appointed at a later time. And most importantly, that the Fess case involved derivative actions, whereas in this case, the administrator is bringing the lawsuit on behalf of the estate. She's not bringing the lawsuit on her own behalf for her own benefit. Those are the distinguishing characteristics. In the Giles v. Park's case, the court focused on the 13 to 11 language that applied to living plaintiffs. And there has been a lot of discussion of the two pronouns, he or she, and interpreting 13 to 11 that only the individual who's suffering from the disability may bring a lawsuit after the disability is removed. But that would- Wouldn't you be asking us to add language then? Doesn't he and she- Are you suggesting that that refers in addition to the person to a personal representative? We're not asking the court to add any language. We're asking the court to start the analysis with 13 to 09, and then that directs the court to see what remaining time was left in the statute of limitations. And, Your Honor, by common sense and logic, an individual who's suffering from a legal disability will never be able to bring his or her claim on her own. She will have to rely on a legal representative. And if you look through the statutes from Section 13201 through Section 13210, it refers to living individuals. But that doesn't discount the fact that legal representatives can be appointed when there's a disability. And in that particular case, it's appropriate to bring a lawsuit on behalf of those disabled individuals. And so if we interpret this case as defendant Eppley is asking this court to do, essentially what that would mean is that the court would be creating two classes of individuals. Permanent and temporary. That's correct, Your Honor. And it would mean that only temporarily disabled individuals who regain their capacity can bring lawsuits. But individuals who are permanently disabled will lose any of their rights. And so the defendant Eppley in this case hasn't answered two very fundamental questions. The first one is, which other tolling provision would apply to permanently disabled individuals? And the second question is, why is the tolling provision under Section 13211 applicable to temporarily disabled individuals but not permanently disabled individuals? And where does the legislature draw that distinction? And the answer is, it doesn't. And the legislature and the courts have gone to great extents to make sure that the rights of disabled individuals are protected. And so in this particular case, although we haven't briefed this issue, Your Honor, but we are saying that it would actually implicate the Equal Protection Clause. Yeah, we can't really go there today. You're right, Your Honor. And so I will leave it at this. It will create two classes of disabled individuals. And so individuals who are suffering from permanent disabilities would be unable to bring lawsuits. And we can see this already happening in the lower courts, as we mentioned in our brief. There's a current case pending in the circuit court, the Harris case, where an individual suffering from a permanent disability brought a claim three years after the injury.  The individual was disabled. Is that the one you mentioned in your brief? Yes, Your Honor. That's here now. I mean, it's in another division, as far as I know. I don't believe it is here. All right. Then I must be thinking of another case. But in that particular case, the individual was disabled before, during, and after. The individual is still alive. And so defendants have applied the logic in trials, where they're saying that a person who's permanently disabled cannot use the tolling provision under Section 13211 to bring that cause of action. And they argued that the guardian couldn't even use that provision to bring that cause of action. Of course, that is illogical. There's no legislative support for that. There's no textual support for that. And when the statutes are read in context, it's very clear that that's not what was intended when the limitations provisions were enacted. The other cases that the defendants cite, again, as I said before, they're simply trying to distinguish some of the cases that we cited. The defendant aptly does make certain concessions in this case. They agree that the statute of limitations was told for Mr. Zayed from the moment that the injury occurred. And if Mr. Zayed miraculously had regained competency, he would have been allowed to bring a lawsuit on his own behalf. But obviously, because Mr. Zayed had a permanent disability, he wasn't able to regain his capacity. And what the defendant aptly is trying to tell the court is that 13211 should never apply to a claim brought by Mr. Zayed. Now, another question that the court may have is, as Justice Burke asked earlier, does the appointment of a legal representative change or affect the statute of limitations? And it doesn't. In the Haas v. Westlake case, as well as the Mexico Whiskey v. Firestone case, courts have held that the appointment of a guardian doesn't trigger the running of the statute of limitations for personal injury actions. In other words, the statute of limitations runs against the cost of action, not against the person who has the right to bring the claim. And as the court may recall, for a long time, there was no survival action. So personal injury actions died at the time of death. The Survival Act changed that. And what it said, it said any action that accrued while the person was alive can be transferred by operation of law to another individual. And that individual can continue to prosecute those cases. In this particular case, because Mr. Zayed was disabled up until the time of his death, the cost of action was transferred to his legal representative, but the statute of limitations began to run at the time that he died. One important thing to note from Section 13209 is that it gives individuals an option. It's either the time left on the statute of limitations or one year after death, whichever is greater. What the defendant is asking this court to do is to simply create a new statute of limitations for survival actions, even though nowhere in Section 209 does it say that a new statute of limitations applies. In other words, Section 13209 simply directs the court to look to the statute of limitations that would have applied to that claim at the time the disability is removed. And disability cannot continue forever. And this is borne out in a practical sense. For example, when we look at the Social Security disability payments, they end at death. And it doesn't continue indefinitely. For individuals suffering from permanent disabilities, the only way the disability is removed is by death. And so at that time, that's when the statute of limitations begins to run. All right. Anything further? Or do you have some further? We're going to give you some time for rebuttal. Thank you, Your Honor. Just one more point. Sure. In this particular case, one of the consequences is that it would shorten statutes of limitations in a number of cases, but it would also deprive permanently disabled individuals from the ability to avail themselves of the tolling provisions created by the legislature. And for those reasons, this Court should reverse the trial court and should refuse to follow the logic in Giles and Clark's. Thank you. May it please the Court. Counsel. My name is Robert Dozak. I represent the defendant, Clark Manor, in this matter. The issue before the court is whether the trial court properly applied Giles and also whether Giles was properly decided. It is our position that Giles was properly decided. The reason it was properly decided is that the Giles Court took the normal approach in construing a statute. They looked at the statute. They applied the plain language of the statute. And in doing so, found that 13211 does not apply to a deceased plaintiff. The plain language is clear. The court has heard reference to 13209 and 13211, and the difference in the language of the statute is what counts here. In discussing 13211, the legislature drafted it, stated, if the person entitled to bring an action specified in Sections 13201 through 13210 of this Code, at the time the cause of action accrued is under the age of 18 years or is under a legal disability, then he or she may bring the action within two years after the person attains the age of 18 years or the disability is removed. That language is important. They talk about he or she, the injured person. It also says the person under or entitled. But the title is minors and persons under legal disability. Correct. Two things that the court looks to. Who does it apply to? It applies to, first, a person entitled to bring an action. That person has to have been a minor or under a legal disability. Those are the requirements. It's not talking about a personal representative. It's talking about a minor or disabled person, and only that person may bring the action within two years after the disability is removed. That language is different than 13209. In 13209, they talk about an action may be commenced by his or her representative. If a difference in language is used by the legislature, they intended that different meanings apply. And the meaning from 13211 is clear, that they only intended it to apply to a disabled individual. And the purpose for that is to protect the rights of a disabled individual. But what about Kossel's argument that you then create two different classes of people, permanently disabled people and temporarily disabled people? You don't. What you do is look at whether the person is alive. There is no distinction between temporary versus permanent. If the person is alive and is still under a disability, 13211 applies. Once they die, 13209 kicks in and gives them the year from the date of death or the regular statute which would apply, which in this case from a traumatic injury would have been two years from the date of the incident. So they do get additional time. They get a year from the date of death. In this case, the plaintiff had that right. They didn't exercise it. They had an additional, I believe, six months to bring the action from the date of death. They didn't avail themselves of that additional time. And they waited months later to file the action. 13209 would have served its purpose in giving additional time for them to bring the action. They simply didn't avail themselves of that action. And plaintiff is trying to bootstrap now by saying, no, that's not what applies here. 13211 applies. Under their reading of the statute, the language in 13209 giving the additional year from date of death is meaningless. It would never apply. It is clear here that the difference in language was intended by the legislature. Courts have interpreted, especially in statutes of limitation cases, that they stated that courts are to apply this plain language, and in situations of statute of limitations, they are not to imply extensions to the statute of limitations. That is something that they would leave to the legislature. If plaintiff has an issue with how the statutes are drafted in this case, they should look to the legislature to correct that. Counsel, in their briefs, have asserted a difference in that, in this case, their client was disabled prior to the date of the incident, and then Giles became disabled as a result of that. That's true. That's factually correct. Absolutely. And we're not disputing that. The problem is that's a distinction without a difference. Nowhere in the Giles case do they look to what was the capacity prior to the incident. It's meaningless here. It doesn't make a difference. They look to whether they were disabled and whether that would toll the statute. They don't explain why it would matter that, in our case, there was a disabled prior, and in Giles they were disabled after. But in the earlier cases, there was an adult that was already appointed as the guardian, right, in the Fess and the other cases. Isn't there a difference there in that those were the cases that the Giles court relied on? I don't think that makes a difference, Your Honor. The difference is, in our case, they were disabled. That puts them in a better position to be able to avail themselves of the additional year from the date of death because they would have already had a person in place. The court in 13-209 does not say, does not make an issue of whether you had a person representative or not while you were prior. But the fact that Plaintiff, in our case, was disabled prior, it works against their argument. Again, it puts them in a, they're more likely to have someone already in place to exercise their rights and avail themselves of their rights. Lastly, Plaintiff argues that this is an issue of first impression. It's not. The statute has been in place with the same language for a long time. The case, the Fess case, the Giles court relies upon dates back to 1983. What it comes down to is that the Plaintiffs misinterpreted or do not like the Giles interpretation, although the Giles court did what courts are supposed to do. They apply the plain language of the statute. Again, if Plaintiff wants the issue addressed, if they believe that Giles was incorrect in its holding, the Giles court, this honorable court, they should look to the legislature to have that addressed. In closing, Your Honors, it's our position that the Giles court correctly applied the plain language of the statute and found that 13211 did not apply, and we would ask that this court uphold the ruling of the trial court, uphold the ruling of Giles, and affirm the dismissal of the survival accounts in this case. All right. Thank you, Mr. President. Sayon, brief response. Your Honors, I have one point on rebuttal. 13209 is not a statute of limitations. It is a savings provision. What the defendant appellee is asking you to do is to apply it as though it were a statute of limitations. But 13209 operates, it's a savings provision that operates to extend the time, never to shorten it. If this court were to apply the defendant appellee's reasoning, what that would mean is that certain statutes of limitations would be shortened. For example, in the case of a living, competent plaintiff, if that person is injured six months before death and dies after six months, then that person would have one and a half years from the traumatic injury to file the claim. Counsel is suggesting that you should ignore that and instead simply shorten their statute of limitations to one year. That is simply not what the legislature intended. The savings provision was created because the legislature recognized that death was a disruptive event and that people may need additional time to file their claims, not less. Additionally, as I stated previously, that would mean that people with permanent disabilities would never be able to file their claims if they're injured after two years. And it doesn't mean that just because you have a permanent disability that someone is automatically appointed who's going to protect your rights. That's just not how it happens in the practical world. In this particular case, what the defendants are asking you is to shorten Mr. Zayed's statute of limitations, which began running on his death, and instead only give his representative one year. That is an unjust result and not what the legislature intended. Thank you both. All right. The case was well-argued, well-briefed, and this Court will take it under advisement. And we now stand adjourned.